# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1674 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MOON AREA SCHOOL DISTRICT, *et al.*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rules 72.C and 72.G.

On January 29, 2019, the Magistrate Judge issued a Report and Recommendation (hereinafter the "Report," Doc. 70) recommendation that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 66) be granted in part and denied in part. Specifically, the Report recommends that Defendants' Motion to Dismiss be denied as to the pre-deprivation due process claim at Count I, granted as to the post-deprivation due process claim at Count I, denied as to the breach of contract claim at Count II, denied as to the alleged violation of the 24-hour notice requirement in the Sunshine Act at Count III, and granted as to the Dragonetti Act claim at Count IV.

Both Plaintiff and Defendants have filed timely objections to the Report, (Plaintiff's Objections, Doc. 71; Defendants' Objections, Doc. 72). Plaintiff has also filed a Response in Opposition to Defendants' Objections ("Plaintiff's Response," Doc. 74), which contains a

1

motion to strike Defendants' Objections. Plaintiff's Response was not timely filed, and therefore will not be considered by the Court.[1]

This Court has conducted a *de novo* review of pleadings and documents in this case, as well as the issues raised by the parties' objections and Plaintiff's Response, together with the Report. For the reasons that follow, the Court will adopt the Report as the opinion of the District Court.

As the Court writes only for the parties, the Court will assume readers' familiarity with the relevant factual and procedural background, as stated in the Report, and will proceed to address the parties' objections.

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to the Report on two grounds, arguing that: (1) the Report erroneously concludes that Plaintiff failed to plead a plausible procedural due process claim; and (2) that the Report erroneously concludes that Plaintiff failed to plead a plausible Dragonetti Act claim. (Plaintiff's Objections 1-2.)

　　*1. Whether Plaintiff pleads a plausible post-deprivation due process claim*

Plaintiff's Objections argue for a theory of procedural due process liability that runs counter to the Supreme Court's holding in Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Specifically, Plaintiff argues that the Court should not distinguish between pre-deprivation and post-deprivation due process, and should instead look to the Pennsylvania statute setting the procedures for removing superintendents as defining both his property interest and the

---

[1] Specifically, the Report provided a fourteen-day period from the date of service of any objections for responses to those objections. (Report 27.) Defendant's Objections were filed on February 12, 2019 and Plaintiff's Response was filed on February 28, 2019, sixteen days from the date of service of Defendant's Objections.

2

minimum procedural requirements under the Constitution. (Id. at 3-5.) The Loudermill Court addressed this issue:

> [I]t is settled that the "bitter with the sweet" approach misconceives the constitutional guarantee. . . . [T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology. "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process "is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards."

Loudermill, 470 U.S. at 541 (internal citations omitted). The Supreme Court thus rejected a "bitter with the sweet approach," under which a state legislature could constitutionally confer property interests (the sweet) and also limit those property interests by setting minimal procedures for terminating them (the bitter). The Court reasoned that states create constitutionally relevant property interests in public employment, but the Constitution sets the minimal procedural requirements for deprivation of those property interests.

Plaintiff argues that Loudermill does not apply where, as here, a state confers a property interest in public employment (the sweet) and then extends that interest by adding additional procedural safeguards (extra sweet). As a result, in this case, Plaintiff argues that the procedural requirements of Pennsylvania's superintendent removal statute define the minimum sufficient procedures under constitutional due process, and that deprivation of this statutory process amounts to the deprivation of a constitutionally relevant property interest. (Plaintiff's Objections 5-6.) Plaintiff cites no case law in support of this theory and does not explain how this theory could be reconciled with Loudermill's clear distinction between property and process.

The Court thus finds that Plaintiff's argument contradicts the core of the holding of Loudermill: the constitutional requirements for minimally sufficient procedure under the Due

3

Process Clause are not defined by state procedural requirements for the deprivation of a property interest. As Plaintiff's objection states a theory of liability rejected by Loudermill, Plaintiff's objection is overruled.

Plaintiff also argues that the Second Amended Complaint contains sufficient factual allegations to imply that the length of the delay between the deprivation of a constitutionally relevant property interest (either his suspension with pay or his suspension without pay) and his post-deprivation hearing was unconstitutional; he argues that the Report improperly decides issues of fact against him as to the reasons for the delay in concluding that his allegations are insufficient. (Plaintiff's Objections 9.)

The Court simply disagrees with Plaintiff's argument that the Report improperly decides questions of fact. Rather, the Report applies the test provided in FDIC v. Mallen, 486 U.S. 230, 242 (1988) to the facts alleged in the Second Amended Complaint, as well as properly noticed judicial facts (including the fact that Plaintiff filed a motion requesting that the Court prohibit the School Board from moving forward with the post-deprivation hearing, (Doc. 37)), under the Rule 12(b)(6) standard. As the Court agrees with Report's analysis and conclusions concerning the sufficiency of Plaintiff's post-deprivation due process claim, it will dismiss that claim for the reasons stated in the Report and overrule Plaintiff's objections.

   2. *Whether Plaintiff pleads a plausible Dragonetti Act claim*

This Court previously dismissed Plaintiff's Dragonetti Act claim, but granted Plaintiff leave to amend in order to allege a reason for Defendants' withdrawal of the prior litigation other than mootness. Plaintiff then alleged in his Second Amended Complaint two reasons why the prior litigation was not withdrawn due to mootness: (1) that no binding action as to the closure of Hyde Elementary School had been taken at the time of the withdrawal, and (2) that Defendants'

4

withdrew the lawsuit in response to a conflict of interest. (Second Amended Complaint ¶¶ 174-76.)

As to the first reason, the Report noted that Plaintiff failed to cite any legal authority for the argument that binding action as to the closure of Hyde Elementary would be required to render the prior lawsuit moot, and found that the allegations in the Second Amended Complaint, contrary Plaintiff's arguments, imply that the prior lawsuit was withdrawn due to mootness. (Report 25.) Plaintiff's objection to this conclusion merely restates his position that binding action is required to render the prior lawsuit moot. Because the Court agrees with the Report's reasoning that binding action would not be required under the circumstances of this case, the Court overrules this objection.

As to the second reason, the Report found that Plaintiff's belief that the lawsuit was withdrawn due to a conflict of interest was implausible under the Rule 12(b)(6) standard. Specifically, the Report found that "litigants do not normally withdraw their lawsuits because their counsel has a conflict of interest; rather, they hire new counsel." (Report 25-26.) Plaintiff objects that such reasoning constitutes "impermissible overreach by the Magistrate Judge into the factfinding realm." (Plaintiff's Objections 11.)

The Court again disagrees. "The Federal Rules of Evidence permit a District Court to take judicial notice of facts that are 'not subject to reasonable dispute.' Fed. R. Civ. P. 201(b). 'A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question.'" <u>Wilson v. Reilly</u>, 163 F. App'x 122, 125 (3d Cir. 2006) (quoting <u>Werner v. Werner</u>, 267 F.3d 288, 295 (3d Cir. 2001)). Within this district, it is generally known and cannot be reasonably disputed that civil litigants do not ordinarily withdraw their lawsuits

5

when their attorneys have conflicts of interest, rather, they generally hire new counsel. The Court notes, for example, Comment 4 to Rule 1.7 of the Pennsylvania Rules of Professional Conduct: "If a conflict arises after representation has been undertaken, the *lawyer* ordinarily must withdraw from the representation." Pa. R. Prof'l Conduct 1.7 cmt. 4 (emphasis added). Plaintiff's objection to the Magistrate Judge's consideration of that fact is therefore overruled.[2]

**DEFENDANTS' OBJECTIONS**

Defendants' objections to the Report fall into two categories: (1) restatements of their prior arguments that were twice rejected by this Court, (see Memorandum Order, August 27, 2018 (rejecting Defendants' pre-deprivation due process arguments and 24-hour notice requirement arguments); Text Order, October 3, 2018, Doc. 68 (denying motion for reconsideration of these arguments)); and (2) new arguments that, contrary to the Report, additional allegations in the Second Amended Complaint show that there was no breach of contract. The Court agrees with its prior conclusions and the Report's conclusions concerning the first category of objections, and will address only the second category here.

As to the second category, the Report found that the allegations in the Second Amended Complaint concerning breach of contract are virtually identical to Plaintiff's prior allegations, and that Defendants raised no new arguments in support of dismissing Plaintiff's breach of contract claim. (Report 20.)

Defendants object that Plaintiff's Second Amended Complaint alleges that he received certain documents that were contractually required, and thus that Plaintiff can no longer claim

---

[2] Plaintiff also requests oral argument on his objections and the motion to dismiss. That request will be denied. Pursuant to the undersigned's Practices and Procedures, "[o]ral argument is only granted on selected, factually or legally complex matters." Practices & Procedures of Judge Cathy Bissoon II.B. The Court finds that such matters exist concerning the objections or the motion to dismiss.

that Defendants breached their contract by failing to deliver those documents. (Defendants' Objections 6.) Defendants specifically cite paragraph 104 of the Second Amended Complaint, which states that "[o]nly weeks prior to the commencement of the court-ordered hearing were long-withheld documents produced to Mr. Baker and new charges of alleged misconduct raised for the first time, without timely notice to Mr. Baker." (Second Amended Complaint ¶ 104.) Clearly, this paragraph does not specify which documents were produced and how those documents relate to those required under the relevant contract. As a result, the Court finds that this objection lacks merit.

Defendants next argue that the Court should look to "[t]he findings in the Adjudication" before the Board of Directors for the Moon Area School District (Doc. 72-1) to conclude that Plaintiff received contractually required processes and that he was discharged for a contractually valid reason. (Defendants' Objections 6-7.) While the Court may take notice of the fact that there was an adjudication before the Board, which consisted of formal hearings and culminated in a written opinion, the Court may not take notice of the truth of the facts in the adjudication opinion. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999) ("[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint . . . not for the truth of the facts recited therein, but for the existence of the opinion"). As a result, at this juncture, Plaintiff's allegations control as to whether the documents and procedures he received were sufficient under his contract.[3] For the same reasons that the Court found Plaintiff's allegations to

---

[3] Further, contrary to Defendants' Objections, the Court has never concluded that "the process required by the Contract and Section 10-1080 of the School Code was provided to Plaintiff," (Defendants' Objections 8).

be sufficient previously, the Court again finds that Plaintiff's allegations are sufficient to state a claim for breach of contract. Defendants' Objections are overruled.

\* \* \*

Accordingly, the Report (Doc. 70) is **ADOPTED** as the opinion of the District Court, the parties' respective objections (Docs. 71, 72) are **OVERRULED**, and the following Order is entered:

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 66) is **GRANTED** in part and **DENIED** in part. Specifically:

- As to Count I, the Motion to Dismiss is **DENIED** as to Plaintiff's pre-deprivation due process claim, and **GRANTED** as to the remainder of Plaintiff's due process claim. The remainder of Plaintiff's due process claim is **DISMISSED** with prejudice.[4]

- As to Count II, the Motion to Dismiss is **DENIED**.

- As to Count III, the Motion to Dismiss is **DENIED**.

- As to Count IV, the Motion to Dismiss is **GRANTED**. Plaintiff's Dragonetti Act claim is **DISMISSED** with prejudice.

It is further ordered that Plaintiff's request for oral argument is **DENIED**.

IT IS SO ORDERED.

April 10, 2019
                  s\Cathy Bissoon
                  Cathy Bissoon
                  United States District Judge

---

[4] As Plaintiff has had two prior opportunities to amend, and as this litigation has already been delayed, the Court previously ordered that this would be Plaintiff's last and final opportunity to amend his complaint. See generally Taylor v. Pilewski, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed); Houser v. Postmaster Gen. of U.S., 573 F. App'x 141 (3d Cir. 2014) (affirming dismissal without leave to amend, based on court's finding that "[it] would be inequitable to require [the d]efendant, who already once ha[d] exhaustively and successfully defended [the p]laintiff's grievances, to respond to a continuous stream of formal and informal attempted amendments").

cc (via ECF email notification):

All Counsel of Record